HONORABLE RONALD B. LEIGHTON

09-CV-05032-ORD

FILED LODGED RECEIVED

SEP 16 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SHIN-ETSU HANDOTAI AMERICA, INC., Plaintiff, vs. NIBCO, INC., Defendant. | No. 09-05032 RBL **STIPULATED PROTECTIVE ORDER** |

Based on the stipulation of the parties, it is hereby ORDERED as follows:

1. Irrespective of the form in which discovery materials are produced, including printed or electronically recorded documents, in connection with the discovery process in the above-entitled case, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for production and requests for admissions, records and any documents recorded on computer disks, the parties may designate any such materials as "Confidential" or "Trade Secret", under the terms of this stipulated order.



**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2. Any Discovery Material may in good faith be designated "Confidential" or "Trade Secret" if it reflects, refers to, or evidences confidential technical information, scientific data, technical drawings, plans, sketches, or computer code; confidential or proprietary product or process information; confidential or proprietary business plans, forecasts, or data; confidential or proprietary financial plans, forecasts, or data; confidential or proprietary operational plans, forecasts, or data; sensitive commercial, financial, customer, personnel, or personal information; or if it is deemed confidential by any state or federal statute or regulation. Nothing shall be regarded as "Confidential" or "Trade Secret" if: (1) it is in the public domain at the time of disclosure, or (2) except as provided in paragraph 6, it becomes a part of the public domain through no fault of the Receiving Party, or (3) the Receiving Party can show that the information already was in its rightful and lawful possession at the time of disclosure, or (4) the Receiving Party lawfully receives the information, without restriction as to disclosure, from a third party who has the right to make such disclosure to the Receiving Party at the time of disclosure.

3. Any person subject to this order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this order.

4. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as "Confidential" or "Trade Secret" in such a manner that will not interfere with legibility or audibility.



**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

5. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for confidential discovery material, in which case the text in the transcript where these questions or answers occur shall be specially marked as a separate page stamped "Confidential Information Governed By Protective Order" by the court reporter. For convenience, a party may temporarily designate that an entire deposition transcript shall be treated as confidential discovery material. Such a temporary designation of an entire transcript shall expire after 30 days, during which time the designating party may narrow the designation to the specific transcript pages containing "Confidential" or "Trade Secret" information.

6. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as confidential discovery material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as confidential discovery material pursuant to this order. However, no party shall be penalized in any way for disclosing such materials prior to receiving notice of this belated realization.

7. No person subject to this order other than the designating party shall disclose any confidential discovery material to any other person, except as follows:

(a) The parties, and their employees, representatives or agents involved in the preparation, prosecution, evaluation or defense of this case.

(b) Counsel for the parties in this action, including any paralegal, clerical, consulting, professional and other staff employed or retained by counsel for work on this action;



**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

(c) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(d) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order as Exhibit "A";

(e) Any person retained by a party to serve as an expert consultant, technical IT expert, or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(f) Official court reporters;

(g) The court, mediators, and support personnel; and

(h) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate plaintiff's claims.

8. Prior to any disclosure of confidential discovery material to any person referred to in subparagraphs (d) or (e) of paragraph 7 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit A hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained through out this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this order is intended to modify or shift any burden of proof or privilege relating to the motion.



**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

9. To the extent allowed by applicable law, defendant will prepare and file a motion to have all confidential discovery material filed under seal, including any portion of a court paper that discloses confidential discovery material. When filing the motion, defendant will cite to the court the legal grounds for filing the confidential discovery material under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

10. If any attorney files with or submits to the court any confidential (a) documents, responses, transcripts or things as defined by this order, or information derived there from, or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to any such confidential documents, responses, transcripts or things, or any information contained therein, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical and will protect the confidential information while leaving other non-confidential information meaningful, as required by *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). If so, redacted versions of such material shall be filed with the court according to the standard filing procedures.

11. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interest parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the court. Until a dispute is resolved, the material designated as "Confidential" or "Trade Secret" shall remain



**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

as confidential discovery material pursuant to this order. The party requesting confidentiality shall have the burden of establishing entitlement to protection and confidentiality.

12. The court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the court.

13. Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

14. This order shall survive the termination of this action. Within 30 days of the final disposition of this action, all confidential discovery material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, destroyed; however, if objections to confidentiality are then asserted, return of the confidential discovery material shall depend upon final resolution of the objections. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

15. The court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

16. Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for confidential discovery material.

17. Additional parties may be added to this action as allowed under the Federal Rules of Civil Procedure. Before receiving confidential discovery material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of



FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

entry. No newly added party shall have access to confidential discovery material until the party is subject to the terms of this order.

18. Information of any kind obtained by parties subject to this order from any source outside of discovery in this action shall not be subject to the terms of this order, notwithstanding that the same information has been produced in this action and designated as confidential discovery material.

20. This order shall not apply to, or restrict confidential discovery material used at the time of trial as evidence. Protection of confidential discovery material at trial may be addressed by the court as a separate matter upon the motion of any party. The provisions of this order shall not prejudice the rights of the parties with respect to the use or protection of confidential discovery material at trial.

21. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing as soon as it confirms such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the producing party before complying with the above and is expected to



FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

comply with the requirements of this paragraph as soon as it is known or should be known, that the document and information contained therein, is privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

Date: August 14, 2009

ELLIOTT, OSTRANDER & PRESTON, P.C.

By: ______________________
William A. Drew, OSB # 952539
Attorneys for Plaintiff

Date: August 14, 2009

FORSBERG & UMLAUF, P.S.

By: ______________________
John P. Hayes, WSBA #21009
Patrick G. Middleton, WSBA #12113
Kenneth M. Roessler, WSBA #31886
Attorneys for Defendant, NIBCO, Inc.

**ORDER**

**IT IS SO ORDERED.**

DATED this 16th day of September, 2009.

______________________
Hon. Ronald B. Leighton



FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

U.S. District Court Judge

Presented by:

FORSBERG & UMLAUF, P.S.

By: ______________________________
John P. Hayes, WSBA #
Patrick G. Middleton, WSBA #
Kenneth M. Roessler, WSBA #31886
Attorneys for Defendant, NIBCO, Inc.

Copy Received; Approved for Entry:

ELLIOTT, OSTRANDER & PRESTON, P.C.

By: ______________________________
William A. Drew, OSB # 952539
Attorneys for Plaintiff

**EXHIBIT "A"**
**ACKNOWLEDGEMENT OF STIPULATED QUALIFIED PROTECTIVE ORDER**

I, __________________________, acknowledge that I have read and understand the Stipulated Qualified Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Trade Secret. I agree that I will not disclose such Discovery Material to anyone other than for purposes of



FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX

this action and that at the conclusion of the action I will return all such Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Qualified Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________________

______________________________
Signature

______________________________
Printed Name



**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-2050
(206) 689-8500 • (206) 689-8501 FAX